Allan *v.* Doherty (et al., Appellant).

Argued March 18, 1959. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and McBRIDE, JJ.

*Leo Daniels*, with him *Prichard, Lawler & Geltz*, for appellant.

*Robert B. Ivory*, with him *Evans, Ivory & Evans*, for appellee.

OPINION BY MR. JUSTICE MUSMANNO, April 20, 1959:

Mrs. Elizabeth J. Allan was injured when a street car of the Pittsburgh Railways Company, on which she was a passenger, sidescraped a truck parked alongside Fifth Avenue, and stopped, throwing her to the floor. The jury, in the ensuing lawsuit, returned a verdict in her favor against the Pittsburgh Railways Company and the Doherty Lumber and Wrecking Company, owner of the involved truck. The Pittsburgh Railways Company seeks judgment n.o.v., claiming absence of negligence on their part.

Whether the motorman of the street car was or was not negligent was strictly a question of fact for the jury. Reading the record of the trial through the glasses which always go with a motion for judgment n.o.v., the following narrative is authorized and justified. The Doherty Lumber and Wrecking Company on October 22, 1952, was engaged in razing an old landmark in Pittsburgh, the 15-story Carnegie Building, and, in doing so, was making use of a truck parked on Fifth Avenue about 20 feet east of the intersecting Penn Way. The truck was equipped on either side with what is known as pipe pockets, that is, galvanized iron sockets into which lengths of pipe are inserted to form polar barriers to hold loads that extend above the sides of the vehicle. These pipe pockets are about 2 inches in diameter. The truck was parked two feet away from the outer rail of the track. During the three hours that the truck was parked at this point, numerous street cars passed by without mishap.

The street car which figures in this accident, however, moved up Fifth Avenue at an unestimated speed which caused it to roll and sway. As described by one witness, one could visualize an obese pachyderm endeavoring to pass through a defile only a little wider than its girth. Any unusual speed or waddling would be bound to cause its sides to scrape the walls of the passage.

This street car, as it approached the truck, "seemed to lay over," and hit against the third pipe pocket of the truck. The motorman stopped with such suddenness (within 15 feet) that Mrs. Allan was thrown from her seat against the opposite seat and then to the floor with such impact as to render her unconscious.

Of course, as happens in many accidents, different versions were advanced as to what really happened. George T. Doherty, called as of for cross-examination, testified that he saw the street car when it was 200 feet away and that it moved toward the truck without reduction of speed. One witness testified that the car halted before it began to pass the truck. There was testimony that the car, as already stated, stopped within 15 feet after contact with the truck, and other testimony that it traveled 250 feet further before stopping. There was testimony that a piece of plank struck the window of the street car and there was someone to say that a piece of scaffolding, which was being thrown into the truck, somehow collided with the car.

From these different stories one could, if he were so minded, build many theories as to what preceded Mrs. Allan's plunge to the floor and her trip to the hospital, but the twenty-four eyes of the jury saw a clear-cut moving picture of a motorman who, ignoring the dangerous proximity of a heavy vehicle to the rails over which he had to pass, proceeded with such velocity that the bellying body of his car swayed enough from

the perpendicular as to hit the obstruction clearly within his view.

A motorman who propels his street car into a space so narrow that excessive speed will cause it to lean from the perpendicular a sufficient distance as to strike the limiting sides of the roadway is engaged in a negligent practice, which renders him liable to an injured party in the event he collides with the margins of the passage.

The record supports the finding of the jury that the motorman so conducted himself, and the judgment of the court below, is therefore affirmed.

Mr. Justice BENJAMIN R. JONES dissents.